IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | 8:15CV261 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHRIS BROWN, 8 UNKNOWN | ) | |
| JANE and JOHN DOE OMAHA | ) | |
| POLICE OFFICERS, and THE CITY | ) | |
| OF OMAHA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Veronica Valentine filed her Complaint (Filing No. 1) in this case on July 17, 2015. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons that follow, the court will dismiss Valentine's claims against Chris Brown and six of the eight John and Jane Doe Defendants, and allow Valentine's claims to proceed to service against two Jane Doe Defendants.

## I. SUMMARY OF COMPLAINT

The court can discern from Valentine's allegations and the documents attached to her Complaint that she was the subject of a search warrant dated July 16, 2015. A state court authorized the search warrant in response to an application and affidavit submitted by Defendant Omaha Police Department Officer Chris Brown. The face of the warrant authorized law enforcement to search Valentine's residence and also her "person." (Filing No. 1 at CM/ECF p. 4.)

It appears that upon executing the search warrant, two female police officers (named as defendants and identified as "Jane Does") instructed Valentine to remove her clothing and "spread [her] legs apart bend over and cough." (Filing No. 1 at

CM/ECF p. 2.) Valentine objected, but the Jane Doe officers informed Valentine they would "get a search warrant to transport [her] to the hospital so that they can finish." (Filing No. 1 at CM/ECF p. 2.) Thereafter, the Jane Doe officers conducted a "vaginal-anal search[]." It appears from Valentine's allegations that they may have conducted the search inside the bathroom of Valentine's residence. (Filing No. 1 at CM/ECF p. 3.)

For relief in this matter, Valentine seeks $100,000,000.00 "for humiliation [and] degradation perpetrated upon [her]." (Filing No. 1 at CM/ECF p. 1.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must

be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

### A. Claims Against Omaha, Nebraska

Valentine named the City of Omaha and numerous City of Omaha police officers as the defendants in this case. For the reasons that follow, the court finds Valentine has not stated a claim upon which relief may be granted against the City of Omaha.

The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

[*Jane Doe*, 901 F.2d at 646](#).

Valentine does not present any allegations of an official policy or custom in her Complaint. Therefore, she has not alleged sufficient facts to "nudge" her claims against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard.

## B. Individual-Capacity Claims Against Two of the Doe Defendants

Liberally construed, Valentine alleges two Jane Doe Defendants violated her Fourth Amendment rights when they conducted a visual body cavity search. Here, the court must consider whether Valentine has sufficiently alleged that the two Jane Doe Defendants were unreasonable in their performance of the search at issue.

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

Here, it is apparent from Valentine's allegations that members of the Omaha Police Department had authority to search Valentine's "person." Their search, however, exceeded a search of Valentine's person, and extended to a body cavity search. *See United States v. Nelson*, 36 F.3d 758, 759-60 (8th Cir. 1994) (concluding that officers who conducted a body cavity search of the defendant exceeded the scope of a search warrant and executed it in an unreasonable manner when the warrant authorized only a search of the defendant's person). Moreover, it appears from Valentine's allegations that the search occurred inside a private residence, and not within a custodial setting. Therefore, interests in institutional security do not appear to be at issue here. *See Bell*, 441 at 558-560 (upholding a jail's policy of conducting visual body cavity searches of pretrial detainees following a contact visit with someone from outside the jail).

The court finds that Valentine has stated a plausible Fourth Amendment claim against the two Jane Doe Defendants, particularly in light of the liberal pleading standard afforded to pro se litigants. However, the court cautions Valentine that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of her claims or potential defenses to them.

As a litigant proceeding in forma pauperis in this case, Valentine is entitled to have service of process performed by the United States Marshals. However, the United States Marshals cannot initiate service upon unknown defendants. Therefore, the court will give Valentine 30 days in which to take reasonable steps to identify the two Jane Doe Defendants who subjected her to a body cavity search and to notify the court of their names, after which the court will send Valentine the documents necessary to initiate service of process.

## C. Individual-Capacity Claims Against Chris Brown and the Remaining Doe Defendants

Valentine alleged the search warrant attached to her Complaint was "bogus." This unsupported and conclusory allegation is insufficient to state a claim for relief. That is, Valentine did not present any allegations to reflect the manner in which Chris Brown or any of the remaining John and Jane Doe Defendants violated her rights or how they were involved in the alleged improper conduct. Even when liberally construed, Valentine's claims are simply too vague and conclusory to state a claim for relief against Chris Brown and the remaining John and Jane Doe Defendants.

IT IS THEREFORE ORDERED that:

1. Valentine has 30 days in which to take reasonable steps to identify the two Jane Doe Defendants who subjected her to a body cavity search and notify the court of their names, after which the court will send Valentine the documents necessary to initiate service of process. Failure to do so will result in dismissal of this case without prejudice and without further notice. Valentine may request an extension of time in which to identify the Jane Does if additional time is needed.

2. The clerk of the court is directed to set the following case management deadline: December 7, 2015: check for identification of Jane Does.

3. Valentine's claims against Chris Brown and six of the eight John and Jane Doe Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

DATED this 6th day of November, 2015.

           BY THE COURT:

           *s/ John M. Gerrard*
           United States District Judge

---

 *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.